IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TIMBERLINE HILLS INVESTORS, LLC,**
an Oregon limited liability corporation,

       Plaintiff,

       v.

**HOVISS DEVELOPMENT GROUP, LLC,**
a Washington limited liability corporation; and
**PETER C. MANN,** an individual,

       Defendants.

No. 3:15-cv-02170-MO

OPINON AND ORDER

**MOSMAN, J.**,

This is the second motion to dismiss brought by Defendants. I dismissed the earlier complaint for failure to meet the heightened pleading standards of FRCP 9 for fraud and failure to plead reliance on the fraudulent statements. *See* [25]. For the reasons stated below, I DENY the current Motion to Dismiss [28] with certain limitations to specific theories. Defendants also move to strike certain factual allegations. I GRANT the motion to strike and allow Plaintiff leave to amend.

## BACKGROUND

Plaintiff Timberline Hills Investors, LLC, entered into a contract with Defendant Hoviss Development Group, LLC, for a construction project in Lane County, Eugene, Oregon. Defendant Peter Mann was a principle of Defendant Hoviss. Plaintiff now brings claims against Defendants for negligence, breach of contract, breach of express warranty, fraud and negligent misrepresentations. The fifth and sixth claims, fraud and negligent misrepresentation, are the

1 – OPINION AND ORDER

subject of this motion to dismiss.  In those claims, Plaintiff alleges Defendants misrepresented the budget, time frame, amount of work, movement of escrow accounts, soil quality, and other aspects of the construction project.

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id*. (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original). While the plaintiff does not need to make "detailed factual allegations" at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). A plaintiff must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). The Rule 9(b) particularity requirement is designed "to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

# DISCUSSION

Defendants make three arguments in their motion to dismiss: 1) Plaintiff has failed to plead the fraud and negligent misrepresentation claims with adequate particularity as required by FRCP 9(b); 2) Plaintiff has failed to state a claim for relief because it cannot satisfy the elements of fraud or negligent misrepresentation; and 3) fraud allegations in paragraph 5 should be stricken pursuant to FRCP 12(f).

## A. Motion to Dismiss

Undergirding the fifth and sixth claims are five allegations of fraudulent conduct regarding budget, time frame, escrow placement, charges for service, and soil fills. Each is excerpted below.

### 1. Budget

"Defendants . . . by and through Mann, . . . intentionally misrepresent[ed] to George Simons and Geoff Walsh the necessary budget for Phase 3 beginning in July 2013 and continuing through the project on a monthly basis."

### 2. Time Frame

"Defendants . . . by and through Mann, . . . intentionally misrepresent[ed] to George Simons and Geoff Walsh the time frame required to complete Phase 3 of the project and the reasons for the delays . . . . [I]n October and November of 2013 [they] represented . . . that they were only waiting on weather and the Eugene Water and Electric Board to complete the project."

### 3. Escrow

"Defendants . . . by and through Mann, . . . represente[ed] to Simons and Walsh that $1,00,000 was placed in escrow with the City of Eugene in lieu of a bond in August of 2013, Defendants then intentionally withdrew from that amount on a monthly basis with the knowledge or consent of Plaintiff beginning in September of 2013 and continuing monthly through the project."

### 4. Charges

"Defendants . . . by and through Mann, . . .fraudulently charg[ed] Plaintiff for subcontractors, consultants and materials that never performed any work or were not used at the project or in Phase 3 . . . .[Defendants] represented to Simons and

3 – OPINION AND ORDER

> Walsh that they were utilizing and billed for job trailers and architects on this project when in fact they were not . . . [and represented] rental charges for a party were for the project . . . [but] had nothing to do with the project."

> 5. Soils

> "Intentionally representing to Simons and Walsh in September and October of 2013 that soils being utilized as fill were appropriate for the project when [Defendants] knew the soils to be bad and improper fill."

(Pl. Sec. Am. Compl. at 7-8)

The budget, time frame, and soil allegations, explain the "who, what, and when" of the alleged misrepresentations and allow Defendants to adequately prepare their defense. Plaintiff's temporal allegations are scant on detail, but offer parameters that are sufficient to limit the allegations. I DENY the Motion as to the budge, time frame, and soil allegations supporting claims 5 and 6.

The third and fourth allegations are a closer question. The fourth claim, which alleges false charges, lends itself to two readings, one significantly broader than the other. The first sentence of the fourth allegation, which states Defendants "fraudulently charg[ed] . . . for subcontractors, consultants, and materials," lacks the specificity required to satisfy FRCP 9(b). Most notably, it lacks the requisite "when" and "what"—at issue in this litigation is a large project, and to allege "materials" were fraudulently billed would encompass almost everything touching that construction project. However, to the extent the fourth claim is limited to the second part of the allegation where Plaintiff claims "[Defendants] represented to Simons and Walsh that they were utilizing and billed for job trailers and architects on this project" as well as rental charges for a party, the claim adequately alleges the "what" and "who." The time frame alleged is beginning with the monthly billing in "July of 2013 and continuing through the billing for the project." As above, I find Plaintiff has provided adequate parameters to overcome the vagueness inherent in the temporal allegations. I therefore DENY the Motion to Dismiss as to the

4 – OPINION AND ORDER

fourth claim but will only allow Plaintiff to proceed on the limited instances articulated after the first sentence.

For Plaintiff's third allegation regarding escrow, while Defendants nestle their arguments under their Rule 9(b) section, in reality, they are arguing the third allegation fails to state a claim of fraud since the representation is not false. Plaintiff alleges Defendants represented "$1,000,000 was placed in escrow." As Plaintiff appears to concede this was technically a true statement when Defendants made it, Defendants argue Plaintiff cannot satisfy the element of "falsity" of a representation to prevail on its fraud claim. *Wieber v. FedEx Ground Package Sys., Inc.*, 231 Or. App. 469, 480 (2009). However, under Oregon law, representations "that are 'literally true' may be actionable if the representation 'creates a false impression under the circumstances.'" *Bixby v. KBR, Inc.*, 893 F. Supp. 2d 1067, 1074 (D. Or. 2012) (quoting *Arboireau v. Adidas–Salomon AG*, 347 F.3d 1158, 1168 n.12 (9th Cir. 2003)); *see also Sheets v. B & B Pers. Sys.*, 257 Or. 135, 145 (1970) ("Fraud may be predicated upon an equivocal, evasive or misleading answer calculated to convey a false impression even though it may be literally true as far as it goes."). Because at this stage of the litigation Plaintiff may succeed under the theory that, while literally true, the representations created a false impression under the circumstances, I DENY the motion to dismiss as to the third allegation in claims five and six. Overall, I DENY the Motion to Dismiss with the caveat that allegation four is limited, as discussed above.

Defendants argue more generally that Plaintiff fails to state a claim because Plaintiff has not provided "specific false statements" and merely offers "labels and conclusory assertions" in the Complaint. This appears to be a general regurgitation of Defendants' Rule 9(b) argument and I DENY it for the same reasons.

5 – OPINION AND ORDER

B. Motion to Strike

Defendants move to strike Plaintiff's allegations in paragraph 5.a to 5.e, 5.j, and 5.m to 5.p because, Defendants argue, they are fraud allegations and not pled according to FRCP 9(b). Paragraph 5 is titled "Factual Allegations" and outlines the facts that support all of Plaintiff's claims. Some of the factual allegations in paragraph 5, specifically "misappropriating funds," "running up and submitting bills and expenses with no actual basis," "failing to secure bonding . . . and misrepresenting they had done so," "misrepresenting the status of the project," and "misrepresenting the financial condition of the project" are unquestionably fraud allegations.

Federal Civil Procedure Rule 12 provides that the district courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

I must determine whether the factual fraud allegations corrupt the non-fraud claims (i.e. claim 1 for negligence) and whether they corrupt the actual fraud claims.

First, I address whether the factual allegations relating to fraud corrupt the non-fraud claims. Defendants do not fully develop their argument, but seem to be arguing the fraud allegations make it so all non-fraud claims are "grounded in fraud" and thus subject to Rule 9(b)'s requirements. The Ninth Circuit has found if a plaintiff alleges some fraudulent and some non-fraudulent conduct, "only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003). Thus, Plaintiff's non-fraud claims based on non-fraud related factual allegations survive.

However, Plaintiff incorporates all of the allegations in paragraph 5 into its negligence claim thereby incorporating allegations of the alleged fraudulent conduct.   The problem is the fraudulent allegations are clearly insufficient under Rule 9(b), as they do not include a time or content of the alleged misrepresentations.  I therefore GRANT the Motion to Strike.  However, because Plaintiff has shown it can state the facts with more specificity, as it did in claims 5 and 6, I will allow Plaintiff leave to amend.

Next, I turn to whether the fraud factual allegations corrupt the otherwise sufficiently pleaded fraud claims.  That is, if a litigant pleaded fraud sufficiently under the "claims for relief" section, but in a separate section provide less detail, what result? I find the less detailed "Factual Allegation" has no effect on the validity of Plaintiff's fifth and sixth claims. The purpose of FRCP 9(b) is satisfied when sufficient factual allegations are provided in the complaint, regardless of where those facts are provided.  Defendants are protected from illegitimate complaints of fraud and are well-positioned to respond to the allegations.[1]

## CONCLUSION

For the reasons stated above, I DENY Defendants' Motion to Dismiss [28] and GRANT Defendants' Motion to Strike.  Plaintiff has leave to amend the factual allegations in paragraph 5 of the complaint.

DATED this __7th__ day of July, 2016.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
Chief United States District Judge

---

[1] The same argument cannot be made of the non-fraud claims because they incorporates only paragraph 5, not the more detailed allegations of paragraph 34.

7 – OPINION AND ORDER